Edwin N. **GONZALEZ**, Plaintiff–
Appellant,

v.

John **DOE**, Correctional Officer; et
al., Defendants–Appellees.

No. 10–56567.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 24, 2012.

Edwin N. Gonzalez, Soledad, CA, pro se.

Suzanne Antley, Deputy Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: WARDLAW, CLIFTON, and
N.R. SMITH, Circuit Judges.

MEMORANDUM **

Edwin N. Gonzalez, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations concerning the maintenance of allegedly false information in his Central File and his placement on a contraband watch. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v.*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Terhune,* 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust); *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir.2001) (Fed.R.Civ.P. 12(b)(6) dismissal). We affirm.

The district court properly dismissed Gonzalez's First and Eighth Amendment claims because Gonzalez failed to exhaust administrative remedies before filing his second amended complaint. *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (requiring proper exhaustion); *Griffin v. Arpaio,* 557 F.3d 1117, 1120–21 (9th Cir.2009) (grievances must give notice of claim).

The district court properly dismissed Gonzalez's procedural due process claim because even assuming that a liberty interest was at stake, Gonzalez failed to allege facts showing a lack of process. *See Shanks v. Dressel,* 540 F.3d 1082, 1090 (9th Cir.2008) (procedural due process violation requires a deprivation of a protected liberty interest by the government and lack of process).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.